ISAAC DEREK ZOREA
ATTORNEY & COUNSELOR AT LAW
P.O. BOX 210434
ANCHORAGE, AK 99521
PHONE: (907) 830-1385  FAX: (907) 677-3779

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Emerald Fuimaono, ) | |
|     Plaintiff, ) | |
| v. ) | Case No. 3AN-19-9728 CI |
| HI Southern Alaska, Inc., dba Home Instead Senior Care, ) | |
|     Defendant. ) | |

### COMPLAINT
### Amended

COMES NOW, Emerald Fuimaono, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Emerald Fuimaono, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, HI Southern Alaska, Inc., has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

### II. FACTS

2.1. At all times relevant to this lawsuit, Plaintiff Emerald Fuimaono has been an employee of defendant, HI Southern Alaska, Inc..

Complaint: *Fuimaono v. HI Southern Alaskan Alaska, Inc.* — 1 of 4 —

2.2. On or about December 26, 2018, defendant HI Southern Alaska, Inc. terminated plaintiff's employment.

2.3. Initially, during the relevant times of Plaintiff's employment, she earned $17.00 an hour, and worked a full 8 hours a day, 40 hours a week schedule. On or about January 9, 2018, she was switched to a salary pay, although she was not properly considered an exempt employee.

2.4. On frequent, recurring, occasions, the defendant HI Southern Alaska, Inc., required Emerald Fuimaono to accept and work answering its business phones and attending to its emergency scheduling needs, on a shift that extended her work duties beyond 8 hours in a day, and/or 40 hours in a week.

2.5. On the frequent occasions that Emerald Fuimaono worked the additional, after business hours, shift answering HI Southern Alaska's business phone, she worked overtime hours, however, her employer paid her only a flat fee of $50 for each shift, regardless of the hours worked. This rate was eventually altered so that she earned $75 during her weekend shifts.

2.6. It is Emerald Fuimaono recollection, and belief, that when she answered HI Southern Alaska's after-hour phones, she was actively engaged by her employer, and the scheduled shifts began at the end of her normal shift, at 5 pm and did not conclude until the start of normal business hours, at 8 am. Additionally, Ms. Fuimaono worked many entire weekend shifts stretching from Friday at 5 pm, and concluding on Monday at 8 am.

2.7. Despite working the after-hour work shifts required by HI Southern Alaska, Inc., Emerald Fuimaono was never paid overtime wages for her work, and never received full payment for her non-overtime hours that she worked for Defendant.

2.8. Ms. Fuimaono is now demanding full payment for all unpaid overtime and unpaid wages that she spent on duty for HI Southern Alaska, Inc.'s benefit.

## CAUSES OF ACTION

A. **VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 USC § 201 ET SEQ.).**

3.1. Emerald Fuimaono incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.8.

3.2. Plaintiff Emerald Fuimaono affirms, and states, that she agreed to employment with HI Southern Alaska, Inc. for an agreed amount of $17.00 per hour worked, which eventually changed to a bi-weekly salary of $1825. She was never an exempt employee, under the Fair Labor Standards Act, and her salary intended to compensate her only for 40 hours per week of on-duty service for her employer.

3.3. Plaintiff Emerald Fuimaono affirms, and states, that she had been required to work over 3,000 overtime hours for the employer, but did not receive the required overtime rate of one and a half times her regular rate of pay.

3.4. Plaintiff Emerald Fuimaono further affirms, and states, that HI Southern Alaska, Inc., refused to pay her for all the overtime hours she worked or properly pay her for her non-overtime hours, which was a violation of the Fair Labor Standards Act.

3.5. Plaintiff Emerald Fuimaono affirms and attests that as of the date of this filing, HI Southern Alaska, Inc. has failed to pay her all amounts it owes to her.

3.6. As remedy for HI Southern Alaska, Inc.'s, refusal to follow wage and hour laws, Emerald Fuimaono requests all legal and equitable remedies available under 29 U.S.C. § 216(b), including unpaid regular and overtime wages, and liquidated damages, plus actual reasonable attorney fees and prejudgment interest.

Complaint: *Fuimaono v. HI Southern Alaskan Alaska, Inc.* — 3 of 4 —

3.7. Additionally, based on all the facts alleged above 2.1 through 2.8, Plaintiff Emerald Fuimaono alleges that her employer HI Southern Alaska, Inc.'s, failure to pay her for overtime hours worked and did not fully pay her for her non-overtime hours, and that this refusal to pay was willful.

3.8. Given the willful nature of HI Southern Alaska, Inc., failure to pay overtime, Emerald Fuimaono requests in addition to the damages available under either the Fair Labor Standards Act, that she be awarded unpaid overtime wages dating back three years from the accrual of said overtime compensation, plus liquidated damages, prejudgment interest and attorney fees.

### PRAYER OF RELIEF

WHEREFORE, Plaintiff, Emerald Fuimaono , requests judgment against Defendant HI Southern Alaska, Inc., as follows:

1. Full and complete payment of all compensation HI Southern Alaska, Inc. owes to Emerald Fuimaono, based on the terms and conditions of her employment contract, including payment for overtime hours worked dating back three years, plus liquidated damages;

2. All legal and equitable remedies available under the FLSA, particularly those available under 29 U.S.C. § 216(b), including liquidated damages, plus actual reasonable attorney fees and prejudgment interest.

3. Plaintiff Emerald Fuimaono further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: December 16, 2019

Isaac D. Zorea
ABA No. 0011090
Counsel for Emerald Fuimaono

Complaint: *Fuimaono v. HI Southern Alaskan Alaska, Inc.* — 4 of 4 —